### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:23-CV-00002-JHM**

**JOSEPH CAMBRON**                                                                    **PLAINTIFF**
**v.**

**COOKIE CREWS,** *et al.*                                                    **DEFENDANTS**

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Joseph Cambron filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I.

On January 3, 2023, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DN 1].  Plaintiff is a convicted inmate at Luther Luckett Correctional Complex ("LLCC"). Plaintiff sues Commissioner Cookie Crews in her official capacity, the Kentucky Department of Corrections ("KDOC"), and the following Defendants in their individual and official capacities: KDOC Director of Operations for Adult Institutions Janet Conover, Little Sandy Correctional Complex ("LSCC") Warden Keith Helton, and LLCC Warden Amy Robey.

According to the complaint, Plaintiff, a transgender female, informed the wardens and staff at both LSCC and LLCC that "she was pursuing her religious rights . . . and she required a <u>uniform dress</u> to full Deuteronomical Code-Law."  The institutions refused Plaintiff's request for "uniform dresses" required to "practice her Pentecostal religion."  In fact, LLCC staff filed disciplinary reports against Plaintiff because of "making her [own] dress/skirt."  Plaintiff contends that this conduct violates the KDOC Policy and Procedure 23.1 which states:  "Religious attire for women

. . .     (3) A female inmate who has identified a religious preference of the Pentecostal or Amish traditions may elect to wear the uniform dress as specified in CPP 17.1.  If the dress option is chosen, the dress shall be worn for all activities to include gymnasium and recreation."

More specifically, Plaintiff alleges that while still an inmate at LSCC, Plaintiff requested uniform dresses from the LSCC administration and LSCC Deputy Warden David Bradley responded that the request had been sent to proper authorities.  On appeal of the decision, Warden Keith Helton responded: "I refer you to CPP 23.1 it will instruct you on how to procede (proceed) with your request."  Plaintiff again contacted Bradley requesting uniform dresses and received a response from him in January 2021 which provided:

> I have reviewed your letters regarding your request to be provided uniform dresses and your advice to me to follow CPP 23.1 to approve your request.  You submitted a formal request on November 12, 2020, to my office, and your request was sent to the Director of Adult Institutions as required by CPP 23.1.  Once a decision is made, you will receive a response.  Neither I, nor Warden Helton have approval to make a decision in this matter.  I hope this information addresses your concerns.

Once transferred to LLCC, Plaintiff again requested uniform dresses.  Plaintiff alleges that in May 2021, LLCC Chaplain Casey Heilman informed both the staff and Warden Robey that Plaintiff was transgender and had chosen "Christianity-Pentecostal as her chosen religious practice."  Chaplain Heilman also noted that "[a]s Chaplain, I would recommend that any woman of the Pentecostal belief who feels she needs to fulfil Deuteronomical Code/Law, to wear a dress."  The email reflects that it was sent to Sherry Taylor, Correctional Unit Administrator at LLCC.  Plaintiff further alleges that "Ms. Cambron has filed the right documentations to the head of staff here at LLCC (Warden Amy Robey), but all that was said was, her request has been sent to the right people."

Plaintiff alleges that she contacted KDOC Commissioner Cookie Crews regarding the alleged violations and received a response in July 2021 from Deputy Commissioner Randy White which provided:

> Your multiple letters concerning a status of your request for accommodation has been received in this office.  Some of the correspondence you sent to me was concerning grievance[s], and those were forwarded to the Ombudsman's Office, as I do not have access to grievances.  Once a final decision has been made, you will receive a response.  Until that decision has been made, you will not receive any further correspondence on your repetitive letters.

[DN 1 at 7].   Plaintiff represents that no further correspondence was received from either Crews, White, Conover, or Robey.

Plaintiff attaches to the complaint email correspondence from KDOC Program Manager Russell H. Williams to Conover dated March 23, 2022, asking "[h]ave we reached a decision on this?  I know it has been under review for a while.  Would like to present Ms. Cambron with something definite."  Conover responded:  "My understanding from the Commissioner was that MH [illegible] under a treatment plan before a decision would be considered."

Plaintiff also attaches a portion of an email forwarded in May 2022 by Robey to KDOC Open Records Coordinator Keesha Solomon.  The email dated March 24, 2022, was sent by Williams to Crews, Conover, Robey, and others regarding the mental health treatment of Plaintiff noting in part that "[t]he treatment plan does not address religious preference."  Additionally, Williams stated: "I believe the treatment plan would support her being able to wear a dress if that would help her identify and live as the sex in which she identifies.  However, the wearing of a dress for anyone in KYDOC is a religious issue, not a transgender issue.  The two issues are exclusive of one another."  Williams's email appears to be sent in response to Commissioner Crews's email statement directed at Janet Conover that indicated that she was waiting for treatment plan before a decision was made.

3

Based on this conduct, Plaintiff filed this action alleging violations of the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, the Religious Land Use and Institutionalized Persons Act (RLUIPA), Sections 1 and 2 of the Kentucky Constitution, and KRS § 446.350.  Plaintiff seeks compensatory damages and injunctive relief requiring "respondents to follow D.O.C. Policy."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

4

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. KDOC

The KDOC is as an agency of the Commonwealth of Kentucky, and the LLCC and LSCC are part of the KDOC. *See* KRS § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-*

*Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, Plaintiff's claims against the KDOC must be dismissed.

### B. Official-Capacity Claims for Damages

Plaintiff sues each Defendant in his or her official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). These Defendants are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, because Plaintiff seeks damages from state employees in their official capacities, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169. Additionally, the Eleventh Amendment also bars Plaintiff's state-law claims against these Defendants in their official capacities. *See Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005); *Myers v. Norman*, No. 5:18-CV-165-TBR, 2019 WL 3926047, at *3 (W.D. Ky. Aug. 19, 2019).

Therefore, Plaintiff's official-capacity claims against Crews, Conover, Helton, and Robey for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### C. Official-Capacity Claims for Injunctive Relief

The email correspondence reflects that Commissioner Crews, Director of Adult Institutions Conover, and Warden Robey received Plaintiff's requests for a uniform dress pursuant to KDOC Policy and Procedure 23.1 and one or more of these individuals had the authority to grant or deny

the request.  As such, the Court will <u>allow Plaintiff's official-capacity claims for injunctive relief</u> <u>to proceed against Crews, Conover, and Robey under the *Ex Parte Young* exception to sovereign</u> <u>immunity</u>.  *See Ex Parte Young*, 209 U.S. 123, 159–160 (1908) (holding that Eleventh Amendment immunity does not bar injunctive relief against a state official).  In doing so, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Because Plaintiff is now incarcerated at LLCC, Plaintiff's requests for injunctive relief against Warden Helton will be dismissed.  Generally, an inmate's release from prison or transfer to another prison moots the request for injunctive relief regarding conditions at that facility.  *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility).

### D.  Individual-Capacity Claims against Conover, Helton, and Robey

Based on the allegations in the complaint and the attached exhibits, the Court will allow Plaintiff's individual-capacity claims to proceed against Conover, Helton, and Robey for violations of the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and KRS § 446.350. In doing so, the Court passes no judgment on the claims' merit or ultimate outcome.

### E.  State Constitutional Claims

Plaintiff alleges violations of Sections 1 and 2 of the Kentucky Constitution.  Kentucky law, however, is clear that the Commonwealth's Constitution provides no direct private right of action for damages based on violations of state constitutional law.  *See Shepherd v. Univ. of Ky.*, No. 5:16-005-KKC, 2016 WL 4059559, at *3 (E.D. Ky. July 28, 2016) ("Kentucky does not recognize a private right of action for alleged violations of the state constitution."); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 537 (Ky. 2011) (declining to recognize a new cause of action for money damages based on state constitutional violations).  Nor may § 1983 be used as a statutory

vehicle to vindicate state constitutional claims. *See Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004). Accordingly, Plaintiff's claims under the Kentucky Constitution fail as a matter of law, and the Court dismisses these claims.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) Plaintiff's § 1983 claims against the KDOC and all the official capacity claims for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief can be granted and for seeking relief from a defendant who is immune from such relief.

(2) Plaintiff's state-law constitutional claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3) The Clerk of Court is **DIRECTED to terminate the KDOC** as a Defendant to this action because all claims against it have been dismissed.

(4) The Court will enter a separate Order regarding service to govern the continuing claims.

Date:   July 11, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014

8